Hilgers Graben PLLC
Luke Landers (SBN 315475)
llanders@hilgersgraben.com
27001 Agoura Rd., Suite 350,
Calabasas, CA 91301
Telephone: (310) 692-8385

*Attorney for PLAINTIFFS PETE PICENO
and SHANNON GANNON*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

PETE PICENO and SHANNON
GANNON, on behalf of themselves
and those similarly situated,

            Plaintiffs,

      v.

BESTWAY USA INC., BESTWAY
(HONG KONG)
INTERNATIONAL LTD., and
BESTWAY INFLATABLES AND
MATERIAL CORP.,

           Defendants.

Case No. _____

**COMPLAINT – CLASS ACTION;**

**DEMAND FOR JURY TRIAL**

1

Plaintiffs Pete Piceno ("Plaintiff Piceno") and Shannon Gannon ("Plaintiff Gannon") (collectively, "Plaintiffs") on behalf of themselves and all others similarly situated, bring this action against Defendants Bestway (Hong Kong) International Ltd. ("Bestway International"), Bestway Inflatables and Materials Corp. ("Bestway I&M"), and Bestway USA Inc. ("Bestway USA") (collectively, "Bestway" or "Defendants"). Plaintiff demands a trial by jury on all counts for which a right to trial by jury is allowed and, in support of this Complaint, alleges as follows:

## **INTRODUCTION**

1. This class action for damages and equitable relief arises from false claims made by Defendants about the safety of their products, the Coleman Power Steel Above Ground Pool, the Power Steel Above Ground Pool, and the Steel Pro Above Ground Pool ("the Product"). These false claims led Plaintiffs and Class Members to purchase defective products that did not perform as advertised and posed substantial danger to consumers.

2. Defendants' advertisement of the Product features claims related to ease of use, and consumers purchased the product expecting a safe, easy-to-set-up above ground pool.

3. Consumers who purchased the Product discovered through a recall notice that the Product posed a serious safety hazard to users that required significant user updates to combat. Specifically, to address the safety concerns posed by the external strap of the Product, the owner must spend substantial time and effort to obtain a repair kit and modify the external strap that holds the pool together. Additionally, Plaintiffs and all Class Members have to drain all water from the Product before completing repairs. These updates require substantial effort on the part of the owner and result in meaningful expenses.

4. Because the Product did not perform as advertised and as reasonable consumers would expect, consumers who purchased it were damaged.

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Piceno v. Bestway USA Inc., et al.,* US District Court, Central District of California

## PARTIES, VENUE AND JURISDICTION

5.     Plaintiff Gannon is an individual who is domiciled in and is a citizen of Indiana.

6.     Plaintiff Piceno is an individual who is domiciled in and is a citizen California.

7.     Defendant Bestway USA is an Arizona corporation with its principal place of business in Chandler, Arizona.

8.     Upon information and belief, Bestway International is a Hong Kong corporation with its principal place of business at Rm 713 7/F EAST WING TSIM SHA TSUI CTR 66 MODY RD Tsim Sha Tsui Hong Kong. Upon information and belief, Bestway International maintains a registered agent in the state of California. Bestway International plays a manufacturing role with respect to the Product.

9.     Upon information and belief, Defendant Bestway I&M is a Chinese corporation with its principal place of business at No.3065, Cao'an Road, Jiangqiao Town, Jiading District Shanghai, Shanghai, 201801 China. Bestway I&M also plays a marketing and, upon information and belief, manufacturing role with respect to the Product.

10.     Upon information and belief, Bestway USA is related to Bestway International and Bestway I&M, and other entities operating under the Bestway name. For example, the Bestway website that sells the Product at issue in this case notes that the copyrights for the website belong to Bestway I&M.[1] The Bestway USA website also contains warranties for its products, which are issued on behalf of "Bestway (Hong Kong) International Ltd. ('Bestway')."

11.     This court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d) because Plaintiffs bring this action on

---

[1] *Coleman Power Steel 28x52 Above Ground Pool Set,*, BESTWAY, https://bestwayusa.com/coleman-power-steel-22-x-52-above-ground-pool-set-90425e?srsltid=AfmBOoojX_x7QW2awcY_tY7bM04RyQxu65GkxBuK0wy2egPNfjKMTJaB (last visited Aug.13, 2025).

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Piceno v. Bestway USA Inc., et al.,* US District Court, Central District of California

behalf of a proposed class consisting of more than 100 members and the aggregate amount in controversy exceed $5,000,000 exclusive of interest and costs.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant Bestway USA is subject to personal jurisdiction in this district because a substantial part of the events and omissions giving rise to the claims occurred in this district. Bestway conducts substantial business in the Central District of California, where it markets, distributes, and sells its products, including those at issue in this Complaint, both directly and through third-party retailers. At all relevant times, Defendant has purposefully availed itself of the privileges of conducting business in California and in this judicial district, and therefore is subject to personal jurisdiction in this Court.

## **FACTUAL BACKGROUND**

13. Bestway USA is an American company that designs, manufactures, and sells airbeds, above-ground pools, hot tubs, toys, swim apparel, boats, and more. Bestway International is a Chinese company based in Hong Kong that manufactures airbeds, above-ground pools, hot tubs, toys, swim apparel, boats, and more.

14. Upon information and belief, Bestway I&M is involved in the marketing of Bestway products.

15. Upon information and belief, products manufactured by Bestway International flow through a distribution network that involves Bestway USA, Bestway International and Bestway I&M.

16. Upon information and Belief, Bestway USA, Bestway International and Bestway I&M all have involvement in the making or marketing of the Product.

17. Among their products, Defendants offer above ground pools known as the Coleman Power Steel Above Ground Pool, the Power Steel Above Ground Pool, and the Steel Pro Above Ground Pool. These products, which are all above-ground pools, come in a variety of shapes and sizes.

18.    On a website operated by Bestway USA, Bestway USA described one emblematic version of the Product as follows: "The Coleman® Power Steel® Above Ground Pool is easy to set up and built to last. . . . Have fun in the sun and relax the day away with this Power Steel Pool Set! ."[2]

19.    In the same listing, Bestway USA displays images of children playing in the pool, and provides a link to a manual, which has an opening section that discusses safety information for the product, with an obvious emphasis on safety for children.

20.    The manual states "DO NOT RETURN THIS ITEM TO THE STORE OR WEBSITE WHERE IT WAS PURCHASED. PLEASE VISIT BESTWAYUSA.COM/SUPPORT FOR QUESTIONS, OR FOR DEFECTIVE OR WARRANTY CLAIMS" in large lettering on the first page.[3]

21.    The Product is currently listed (though some models are not currently available for purchase) on Bestway USA's website for a range of prices depending on the shape, size, and add-ons included.

22.    Bestway USA provides express warranties for the Product for 180 days.[4]

23.    Defendants' claims of ease of use and understanding that the product was safe led customers to pay a higher price than they would have for other comparable products.

24.    On or around July 21, 2025, the United States Consumer Product Safety Commission issued a recall for certain above-ground pool products, including the Bestway Power Steel, Steel Pro, and Coleman Power Steel Pools.

25.    In or around July 2025 customers who purchased the Product received recall information, indicating the external strap of the pool created an easy foothold for children and posed a potential drowning risk.[5]

---

[2] *Id.*
[3] *Id.*
[4] *Our Warranties,* BESTWAY, https://bestwayusa.com/ourwarranties (last visited Aug. 20, 2025).
[5] *Bestway, Intex, and Polygroup Recall Certain Above-Ground Pools 48 Inches and Taller Due to Drowning Hazard;*

26.     A link to the recall notice is featured prominently on the Bestway USA website.[6]

27.     The recall indicates that consumers will be sent a repair kit that will include a replacement part for the strap that poses that drowning danger.

28.     Despite the recall having been issued, Bestway continues to advertise and sell the Product.

29.     Because of how the Product is intended to be used and the fact that it is primarily directed towards children, ease of use and safety are essential to customers of the Product.

30.     Plaintiff Gannon purchased the Coleman Power Steel 22x52 Round Above Ground Pool Set intending for her children to safely enjoy an above-ground pool in their backyard.

31.     Her Product contained the defect that creates the drowning risk, pictured below:



*Nine Deaths Reported; Five Million Pools Sold Since 2002,* UNITED STATES CONSUMER PRODUCT SAFETY COMMISSION, https://www.cpsc.gov/Recalls/2025/Bestway-Intex-and-Polygroup-Recall-Certain-Above-Ground-Pools-48-Inches-and-Taller-Due-to-Drowning-Hazard-Nine-Deaths-Reported-Five-Million-Pools-Sold-Since-2002 (last visited Aug. 8, 2025).
[6]*Product Recalls and Safety,* BESTWAY, https://bestwayusa.com/recall-and-safety (last visited August 13, 2025).

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Piceno v. Bestway USA Inc., et al.,* US District Court, Central District of California

32.     Plaintiff Gannon purchased the Product through Walmart in 2022.

33.     Plaintiff Gannon purchased the Product new, not second-hand or used.

34.     Plaintiff purchased the Product while in Indiana, and it was delivered to her Indiana home.

35.     Plaintiff Gannon set up the pool per the instructions.

36.     In addition to generally finding the pool to be of poor quality, Plaintiff Gannon later received information about a recall of the Product for safety, including obtaining a repair kit and making modifications to the pool to lower the risk of drowning.

37.     Had Plaintiff Gannon known that the Product was defective and dangerous as it was sold, she would have purchased a different above ground pool product.

38.     Plaintiff Piceno purchased the Bestway Power Steel 18 x48 Round Above Ground Pool Set.

39.     His Product contained the same defect that creates the drowning risk.

40.     Plaintiff Piceno first purchased the Product through Sam's Club in or around June 2024.

41.     Plaintiff Piceno purchased the Product new, not second-hand or used.

42.     Plaintiff Piceno purchased the Product while in California, and it was delivered to his California home.

43.     In addition to generally finding the pool to be of poor quality, Plaintiff Piceno later learned about a recall of the Product for safety.

44.     Had Plaintiff Piceno known that the Product was defective and dangerous as it was sold, he would have purchased a different above ground pool product.

45.     The defects in the Product were not readily apparent to Plaintiffs or Class Members, and Defendants did not disclose the defects for years after beginning to sell the Product, supporting equitable tolling of the statute of limitations.

## CLASS ACTION ALLEGATIONS

46.     Plaintiffs bring this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiffs and all others similarly situated.

### The National Class

47.     Class Definition. The National Class consists of and is defined as all United States citizens, including Plaintiffs, who (a) between January 1, 2008, and December 31, 2024, (b) purchased the Product, and (c) suffered injury because of the Product not being fit for its intended purpose.

### California Subclass

48.     Class Definition. The California Subclass consists of and is defined as all California citizens, including Plaintiff Piceno, who (a) between January 1, 2008 and December 31, 2024, (b) purchased the Product, and (c) suffered injury because of the Product not being fit for its intended purpose.

49.     All National Class and California Subclass Members will have encountered the claims that the Product is easy to use and would have reasonably expected it to be safe because it is a key feature of the Product and Defendants' advertising of the Product.

50.     Plaintiffs reserve the right to amend these definitions as discovery proceeds and to conform to the evidence.

51.     Excluded from both classes are Defendants, their agents, representatives, and employees; any judge to whom this action is assigned; and any member of that judge's staff and immediate family

52.     While the exact numbers of the National Class and California Subclass are unknown at this time, Plaintiffs submit that, upon information and belief, thousands of individuals throughout the United States are potential members of the

National Class, and hundreds of individuals are California Subclass members. Because the Class Members are so numerous, individual joinder of these members is impractical. Further, the disposition of the class claims in a single action will provide substantial benefits to all parties and the Court.

53.     Plaintiffs further allege the National Class Members and California Subclass members will be ascertainable through Defendants' electronic records, data, and databases. Defendants will also have information about distributors and retailers who distributed or sold the Product, including any third parties.

54.     Plaintiffs share common questions of law and/or fact with each National Class Member, and Plaintiff Piceno shares common questions of law and/or fact with each California Subclass member. The common questions of law and/or fact include, but are not limited to, the following:

A. whether the Defendants' false statements induced consumers to purchase the Product;

B.     whether the Defendants' conduct economically harmed consumers; and

C.     the appropriate nature of class-wide injunctive or other equitable relief.

D.     The common questions of law and/or fact predominate over questions that may affect only individual members.

55.     A class action will cause an orderly and expeditious administration of claims by the Class Members for both proposed classes. Economies of time, effort, and expenses will be fostered, and uniformity of decisions will be ensured.

56.     Plaintiffs' claims are typical of the claims of the National Class, and Plaintiff Piceno's for the California Subclass, since they are based on and arise out of identical facts constituting the wrongful conduct of Defendants.

57.     Plaintiffs are Class Members. Plaintiffs are adequate representatives of the National Class and California Subclass because their interests do not conflict with the interests of other members of either class, and they will fairly and adequately protect their interests. Additionally, Plaintiffs are aware of their responsibility class

9

representatives and have retained experienced counsel fully capable of, and intent upon, vigorously pursuing the action. Class counsel has extensive experience in class action litigation.

58.    There is no plain, speedy, or adequate remedy other than by maintenance of this class action since Plaintiffs are informed and believe that the damage to each Plaintiff is relatively small, making it economically unfeasible to pursue remedies via means other than a class action. Consequently, there would be a failure of justice but for the maintenance of the present class action.

59.    The Class Members for both proposed classes have suffered the same actual damages, losses, and harms as those sustained by Plaintiffs, including statutory damages.

60.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the two proposed classes is economically unfeasible and procedurally impracticable.

## COUNT I

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE (A.R.S. § 47-2315)

61.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1-.

62.    This claim is brought by Plaintiffs individually and on behalf of the National Class.

63.    Class Members purchased the Product intending to use it for a particular purpose – an easy to assemble and maintain, safe above ground pool.

64.    The Defendants had reason to know that consumers of the Product needed a safe and easy to maintain pool that would be suitable for use at their home. As discussed in more detail above, Defendants specifically advertised the Product as easy to use and safe. Additionally, the use of children in the images of the pool and

emphasis on child safety in the manual by Defendants make it clear that Defendants expected the Product to be used by children, making the ease of use and safety of the product of primary significance to consumers.

65.     Since the Defendants are widely known manufacturers and distributors of pool toys and accessories and specifically billed the Product as safe and easy to use, the Class Members relied on the Defendants' skill and judgment to furnish an adequately easy to use and safe product.

66.     Defendants had reason to know that Class Members would rely on their skill and judgment in furnishing an adequately easy to use and safe product for consumer use as a pool because it advertised the Product as such.

67.     The Product is, in fact, not adequately easy to use, safe, or fit for its intended use.

68.     Plaintiff and all Class Members have suffered damages because Defendants breached the implied warranty, the nature and exact amount to be determined at trial.

## COUNT II

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

## (A.R.S. § 47-2314)

69.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1-59.

70.     This claim is brought by Plaintiffs individually and on behalf of the National Class.

71.     Class Members purchased the Product from Bestway directly or through authorized third-party retailers.

72.     When Class Members purchased the Product, Defendants were in the business of manufacturing and selling above ground pools.

73.     The Product was not fit for the ordinary purpose for which above ground pools are used, namely to be used as easy to use safe home pool for use by children

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Piceno v. Bestway USA Inc., et al., US District Court, Central District of California*

or adults without. As discussed in more detail above, Defendants specifically advertised the Product as easy to use and safe. Individuals purchasing the Product for its ease of use and safety features could not use it for that purpose because it was not safe or easy to use.

74.     The Product did not conform to Defendants' promises or affirmations of fact.

75.     The Product was delivered to Plaintiffs and other Class Members in a condition that was defective, susceptible to defects, and/or unsafe. The Plaintiff and Class Members were injured as a result of purchasing the Product.

76.      The failure of the Product to have the expected quality was the cause of the Plaintiff and Class Members' injuries, the nature and exact amount to be determined at trial.

## <u>COUNT III</u>

## <u>VIOLATION OF THE ARIZONA CONSUMER FRAUD ACT</u>
## <u>(A.R.S. § 44-1521 ET SEQ.)</u>

77.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1-59.

78.     This claim is brought on behalf of Plaintiffs individually and on behalf of the National Class.

79.     Defendants have engaged in deceptive acts and practices in connection with the sale and advertisement of the Product, in violation of the Arizona Consumer Fraud Act ("ACFA"), A.R.S. § 44-1522.

80.     Under the ACFA, the act, use, or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely on such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful practice.

81.    Defendants omitted that the Product posed a drowning risk because of the foothold created by the strap.

82.    Defendants also engaged in an unfair practice of selling a pool, marketed as being safe to use by children no less, that had an inherent drowning risk.

83.    These omissions and unfair practices were committed with the intent that Plaintiff and Class members would rely upon them in deciding whether to purchase the product.

84.    Defendants' conduct was deceptive, unfair, and unlawful under the ACFA. Defendants actions were likely to, and did, mislead consumers acting reasonably under the circumstances by leading them to believe they were purchasing an easy to use, safe pool product when in fact they were purchasing a pool that posed a drowning risk.

85.    Defendants' conduct was carried out with reckless indifference to the rights of consumers, including Plaintiff, because they should have known that their sale of the Product was prohibited under Arizona law.

86.    Plaintiff and Class Members suffered ascertainable losses as a direct and proximate results of Defendants' conduct. They purchased a product that was not as represented, and they would not have purchased the Product had they known the truth.

<u>**COUNT IV**</u>

<u>**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR**</u>

<u>**PURPOSE**</u>

<u>**SONG-BEVERLY CONSUMER WARRANTY ACT**</u>

<u>**(CAL. CIV. CODE § 1790 ET SEQ.)**</u>

87.    Plaintiff Piceno re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1-59.

88.    This claim is brough individually by Platiniff Piceno and on behalf of the California Subclass.

13

89.    California Subclass Members are consumers who purchased the product new, primarily for personal, family, or household purposes. California Subclass Members did not use the Product for business purposes.

90.    California Subclass Members purchased the Product either directly from Defendants or from an authorized retailer in California.

91.    California Subclass Members purchased the Product to be a safe, easy to use above-ground pool. The Product is advertised with images of children, and highlights the ease of use of the Product. As discussed in more detail above, Defendants specifically advertised the Product as easy to use and safe. Individuals purchasing the Product for its ease of use and safety features could not use it for that purpose because it was not safe or easy to use.

92.    California Subclass Members discovered that the Product was not as safe as claimed when a recall for the Product was issued indicating it posed a drowning risk unless repairs were made.

93.    Defendants had reason to know that consumers of the Product would use it for a particular purpose: as an at-home pool that would be commonly be used by children.

94.    Since Defendants are manufacturers of pools and pool accessories and specifically sold the Product as a safe and easy to use above-ground pool, the California Subclass Members relied on Defendants skill and judgment in furnishing an adequately safe and easy to use pool.

95.    Defendants had reason to know that California Subclass Members would rely on their skill and judgement in furnishing an adequately safe and easy to use above-ground pool because it advertised the Product as such.

96.    Plaintiff Piceno and California Subclass Members were harmed by Defendants' conduct.

97.    The failure of the Product to be suitable was the cause of harm to Plaintiff Piceno and the California Subclass Members.

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Piceno v. Bestway USA Inc., et al.,* US District Court, Central District of California

98.     The Product is, in fact, not adequately safe and easy to use to be fit for intended use, and Plaintiff Piceno and the California Subclass have Members have suffered damages as a result of Defendants' breach of implied warranty, the nature and exact amount to be determined at trial.

## COUNT V

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

## SONG-BEVERLY CONSUMER WARRANTY ACT

## (CAL. CIV. CODE § 1790 ET SEQ.)

99.     Plaintiff Piceno re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1-59.

100.   This claim is brough individually by Platiniff Piceno and on behalf of the California Subclass.

101.   California Subclass Members are consumers who purchased the product new, primarily for personal, family, or household purposes. California Subclass Members did not use the Product for business purposes.

102.   California Subclass Members purchased the Product either directly from Defendants or from an authorized retailer in California.

103.   Pursuant to Cal. Civ. Cod. § 1782, the Product was accompanied by an implied warranty of merchantability.

104.   Defendants' impliedly warranted that the Product would pass without objection in the trade for the ordinary purpose for which it was intended. This includes the Product being adequately constructed or assembled to function as a safe and easy to use above-ground pool and conforming to the promises or affirmation of fact made to Plaintiff Piceno and California Subclass Members.

105.   As evidenced by the defects alleged herein, the Product was non-merchantable because it did not have the quality the buyer would reasonably expect. It would not pass without objection in the trade; namely, it was not adequately constructed or assembled to serve as a safe and easy to use above-ground pool and

15

because it did not or could not conform to the promises or affirmations of fact made to Plaintiff Piceno and California Subclass Members.

106.  As a result of Defendants' acts or omissions, Plaintiff Piceno and California Subclass members have sustained damage in the amount actually paid, plus prejudgment interest thereon at the legal rate.

107.  As a further result of Defendants' actions, Plaintiff Piceno and California Subclass Members have sustained incidental and consequential damages in an amount yet to be determined, plus interest at the legal rate.

108.  As a further result of Defendants' actions, Plaintiff Piceno and California Subclass Members have sustained damages equal to the difference between the value of the Product as accepted and the value the Product would have had if it had been as warranted.

As a direct result of Defendants' act or omissions and in pursuing Plaintiff Piceno's claim, Plaintiff Piceno needed to retain legal counsel. Pursuant to the Song-Beverly Consumer Warranty Act, Plaintiff Piceno is entitled recover his attorneys' fees based upon actual time expended and reasonably in connection with the commencement and prosecution of this action.

## COUNT VI

## VIOLATION OF THE UNFAIR COMPETITION LAW (§ 17200 ET SEQ.)

109.  Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1-59.

110.  This claim is brough individually by Platiniff Piceno and on behalf of the California Subclass.

111.  Defendants committed acts of unfair competition, as described above, violation the Unfair Competition Law ("UCL").

112.  Defendants' conduct constitutes "unlawful" business practice within the meaning of the UCL. It includes, without limitation, violations of the Song-Beverly

1    Consumer Warranty Act, Cal Civ. Code § 1790 et seq., and negligent or fraudulent

2    misrepresentation.

3        113.   Defendants' conduct, as described above, also constitutes a "fraudulent"

4    business practice violative of the UCL. As explained in the preceding paragraphs,

5    Defendants' false statements about the Product fraudulently present the impression

6    that the Product was adequately safe to be used by children and would be easy to set

7    up and maintain. This conduct was designed to – and did – deceive consumers as to

8    the true quality and value of the pool they purchased.

9        114.   Defendants knew or should have known that their false representations

10   and conduct constituted unlawful, unfair, and fraudulent business practices likely to

11   deceive a reasonable consumer.

12       115.   Plaintiff and Class Members have suffered injuries, in fact, and have lost

13   money as a result of each Defendants' UCL violations in that they were deceived into

14   purchasing the Product, which was not adequately safe or easy to use for the purposes

15   of Plaintiff Piceno and the California Subclass Members.

16       116.   At a minimum, to the extent the Court ultimately deems the remedies at

17   law that Plaintiff Piceno requests inadequate, Plaintiff Piceno and the California

18   Subclass Members are entitled to equitable relief such as restitution and injunctive

19   relief under Cal. Bus. And Pro. Code § 17203 enjoining Defendants from continuing

20   to conduct business through unlawful, unfair, and fraudulent acts and practices.

21                            **PRAYER FOR RELIEF**

22       Named Plaintiff and the class request the following relief:

23       a.     Certification of the National Class and Subclass;

24       b.     A judgment against Bestway (Hong Kong) International Ltd., Bestway

25   Inflatables and Materials Corp., and Bestway USA Inc.;

26       c.     Actual damages suffered by Plaintiff and the National and California

27   Subclass;

28       d.     Punitive damages in an amount to be determined at trial;

17

e.  The costs of suit, including reasonable attorney's fees and pre-judgment and post-judgment interest as provided by law;

f.  Such other relief as the Court deems just and proper;

g.  Plaintiffs demand a jury on all claims so triable.

Date: August 21, 2025                    Respectfully submitted,

*s/ Luke Landers*
Luke Landers (SBN 315475)
llanders@hilgersgraben.com
Hilgers Graben PLLC
27001 Agoura Rd., Suite 350,
Calabasas, CA 91301
Telephone: (310) 692-8385

*Attorney for PLAINTIFFS PETE PICENO and SHANNON GANNON*

18
**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Piceno v. Bestway USA Inc., et al.,* US District Court, Central District of California

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs demand a jury on all claims so triable.

3

4    Date: August 21, 2025                        Respectfully submitted,

5                                                 *s/ Luke Landers*
                                                  Luke Landers (SBN 315475)
6                                                 llanders@hilgersgraben.com
                                                  Hilgers Graben PLLC
7                                                 27001 Agoura Rd., Suite 350,
                                                  Calabasas, CA 91301
8                                                 Telephone: (310) 692-8385

9
                                                  *Attorney for PLAINTIFFS PETE*
10                                                *PICENO and SHANNON GANNON*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28